IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES your plaintiff, ANDREW WARREN, by and through his attorney, Barry G. Doyle, and complains of the defendant UNITED STATES OF AMERICA, alleging upon information and belief as follows:

### Jurisdiction

1. This case involves allegations of injuries sustained by the plaintiff, ANDREW WARREN, due to medical malpractice occurring while he was under the care of physicians and other health care professionals employed by the Veterans' Administration. This case is brought under the Federal Tort Claims Act, 28 U.S.C., Section 2671 et seq., making jurisdiction proper under 28 U.S.C., Section 1331.

### Venue

2. The events giving rise to this case took place at Jesse Brown VA Medical Center, 820 South Damen Avenue in the City of Chicago, Cook County, Illinois, making venue in the Northern District of Illinois, Eastern Division proper.

Facts

3. On August 27, 2013, the plaintiff, ANDREW WARREN, underwent a stress echo test as part of a pre-surgical cardiac work-up for a revision back surgery. During the stress test, he experienced a sustained episode of ventricular tachycardia, for which he was given a referral to have a cardiac catheterization performed.

4. On September 6, 2013, the plaintiff, ANDREW WARREN, underwent the recommended cardiac catheterization at Jesse Brown VA Medical Center located at 820 South Damen Avenue in the City of Chicago, Cook County, Illinois, while under the care of physicians, nurses, technicians, and other health care professionals employed by defendant UNITED STATES OF AMERICA, Veterans' Administration.

5. Prior to September 6, 2013, the plaintiff, ANDREW WARREN, had a medical history of an iodine allergy/hypersensitivity.

6. During the cardiac catheterization performed on September 6, 2013, the plaintiff, ANDREW WARREN was given a contrast dye which contained iodine.

7. During the cardiac catheterization performed on September 6, 2013, the plaintiff, ANDREW WARREN experienced atrial fibrillation and hypotension, for which he was treated with amiodarone, a medication which also contains iodine.

8. As a result of the administration of the dye and/or medication containing iodine, the plaintiff, ANDREW WARREN, suffered injuries including but not limited to Toxic Epidermal Necrolysis/Steven-Johnson Syndrome with a desquamating rash covering in excess of 30% of his body, bilateral eye infections, and placement of a Foley catheter which resulted in a urinary tract infection.

9. At all times relevant herein, it was the duty of the defendant, UNITED STATES OF AMERICA, by and through its agents and employees, to have and exercise that degree of skill, knowledge, and care as would be had by other similarly situated health care professionals working under the same or similar circumstances.

10. Notwithstanding that duty, on and before September 6, 2013, defendant UNITED STATES OF AMERICA, by and through its agents and employees, was negligent in one or more of the following respects:

   a. Failed to obtain an adequate history of the claimant's allergy/hypersensitivity to iodine, including past adverse reactions;

   b. Failed to properly address his iodine allergy/hypersensitivity;

   c. Failed to adequately premedicate the claimant prior to his procedure for his iodine allergy/hypersensitivity;

   d. Failed to have adequate protocols in place for premedicating patients such as the claimant who suffer from iodine allergy/hypersensitivity;

   e. Failed to obtain informed consent to the use iodinated contrast dye during the procedure;

   f. Administered amiodarone when the claimant suffered from iodine allergy/hypersensitivity; and

   g. Was otherwise careless and negligent in the care and treatment of the plaintiff.

11. As a direct and proximate result of one or more of the above-mentioned negligent acts and/or omissions of the defendant, UNITED STATES OF AMERICA, by and through its agents and employees, the plaintiff, ANDREW WARREN, suffered injuries of a severe and permanent nature as set forth above, all of which have caused him to experience great pain and suffering and will continue to do so in the future. Moreover, he has incurred and become liable for large sums of money for medical expenses and will continue to do so in the future. Further, he has been and will continue to be hindered in his daily life activities, all to his great loss.

12. A Form 95 Notice of Claim was submitted to the Veterans' Administration on August 20, 2015, seeking $975,000 in compensation for the injuries sustained, and the claim was denied by the Veterans' Administration on December 28, 2015.

WHEREFORE, the plaintiff, ANDREW WARREN, demands judgment in his favor and against the defendant, UNITED STATES OF AMERICA, in the amount of $975,000, plus the costs of bringing this lawsuit.

> Respectfully submitted,
>
> s/ Barry G. Doyle
>
> _____
> Attorney for Plaintiff, Andrew Warren

Barry G. Doyle
ARDC No.: 6224827
LAW OFFICES OF BARRY G. DOYLE, P.C.
Attorneys for Plaintiff
15255 South 94th Avenue, 5th Floor
Orland Park, IL 60462
(312) 263-1080

## AFFIDAVIT

NOW COMES your affiant, BARRY G. DOYLE, being duly sworn under oath and deposes and states as follows:

1. I am one of the attorneys for the plaintiff in this cause.

2. I was unable to obtain the consultation required by Section 2-622 of the Code of Civil Procedure because a statute of limitations would impair the action, and the consultation could not be obtained before the expiration of the statute of limitations.

_____
Barry G. Doyle

Subscribed and Sworn Before Me
This 27th Day of June, 2016.

_____
Notary Public

OFFICIAL SEAL
MATTHEW FRIEDMAN
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 18